212 So.2d 849

**Norman E. HAMMAC, Hubbard McNeil and William Roger Hammac**

v.

**STATE.**

**1 Div. 299.**

Court of Appeals of Alabama.

June 28, 1968.

Kenneth Cooper, Bay Minette, for appellants.

MacDonald Gallion, Atty. Gen., and Carl E. Watson, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

These appellants were indicted separately but the cases were consolidated for trial and on appeal.

The indictments charged the larceny of "one Mercury outboard motor serial number 742497 of the value of $150.00, the personal property of William H. Roberts * * *." There was no proof of the serial number of the motor.

In a prosecution for larceny the proof must correspond with the description of the identical thing alleged in the indictment to have been taken. The court erred in denying the defendants' motion to exclude the state's evidence on the ground that the description of the property was not proved as charged in the indictments. Morris v. State, 97 Ala. 82, 12 So. 276; Smith v. State, 30 Ala.App. 158, 2 So.2d 341; Wright v. State, 52 Ga.App. 202, 182 S.E. 862; Wilson v. State, (1956) 93 Ga.App. 375, 91 S.E.2d 854.

The defendant William Roger Hammac, testifying as a witness, was asked by the State on cross examination if in 1960 he was sentenced to the state penitentiary for "grand larceny—receiving stolen property." Defense counsel objected on the ground that witness had given his present age as 23 years and that in 1960 he would have been a juvenile. The objection was overruled. The witness answered yes. On redirect examination he stated that in 1960 he was sent to Boys' Home in Mobile and spent a week there and was placed on probation.

If the witness' sentence was from an adjudication as a delinquent child, a fact not made certain by the record here, it would not be proper evidence against him in the event of another trial. Section 377, Title 13, Code of Alabama; Love v. State, 36 Ala.App. 693, 63 So.2d 285.

For the failure of the court to grant the defendants' motion to exclude the evidence the judgment is reversed and the cause remanded.

Reversed and remanded.

JOHNSON, J., not sitting.