Appellant was convicted of robbery and sentenced to imprisonment for ten years. At the time of trial he was eighteen years of age. He had made an application for pretrial examination and investigation in order for the court to determine whether he should be arraigned as a youthful offender. The record does not clearly show the action finally taken on said motion, but appellant's brief states that after investigation, defendant's "arraignment as a youthful offender was denied." In view of the disposition of this appeal as hereafter shown, we see no occasion for summarizing the evidence on the trial, or making any reference to it other than that there was sufficient evidence to present a jury issue as to defendant's guilt but that there was some evidence, including the testimony of defendant, that he was not guilty.
Appellant grounds his argument for a reversal upon the action of the trial court, in several particulars, in allowing the prosecution to show, after defendant had taken the stand as a witness, that he had been previously adjudicated a juvenile delinquent under the provisions of Code of Alabama 1940, (Recomp. 1958), Title 13, Sections 350-383.
Defendant was asked whether on March 11, 1970, he was charged in juvenile court with burglary and found guilty on April 10, 1970, and placed on two years probation. The court overruled defendant's objection, and defendant answered he was placed on probation for two years, that it wasn't for burglary but that he was charged with being with others in the commission of a burglary. Defendant was asked by the prosecution whether he was found guilty in juvenile court of grand larceny on January 24, 1975, and declared to be an incorrigible. The court overruled defendant's objection to that question. He answered, "No, sir."
The State called the chief probation officer in the Madison County Family Court, who testified over the objection of defendants, which the court overruled, giving defendant a continuing objection, that defendant had been charged with burglary and found to be delinquent and placed on probation for two years; that he had been charged in juvenile court with grand larceny and found guilty in January 1975 and declared to be an incorrigible. During the argument of counsel for the State, defendant objected to his "mentioning this man's prior record, his prior juvenile record. We will have to object to that. Mr. Miller stated that this man has a prior record. It being a juvenile record, we still maintain that it is inadmissible and we object." The objection was overruled. In the court's oral charge, it was stated:
 "There is also evidence in this case that Defendant has a prior conviction of a crime involving moral turpitude. The law says that any witness who has been convicted of a crime which involves moral turpitude, that as to that witness, you are authorized to take into consideration that prior conviction in weighing that witness' testimony. You may disregard it entirely. It is within your discretion what weight you shall give the testimony, because of the fact that there has been a prior conviction of a crime involving moral turpitude."
The following then occurred:
 "MR. SHIPMAN: Excuse me, Your Honor. I believe to protect the Defendant's record I have to object here to The Court charging on a prior conviction.
 "THE COURT: You have an objection to every word I say. You have that automatically.
 "MR. SHIPMAN: Do you overrule my objection, Your Honor?
"THE COURT: Yes.
"MR. SHIPMEN: We except."
Code of Alabama 1940 (Recomp. 1958), Title 13, Chapter 7, provides as follows:
 "§ 377 . . . No disposition of the case of a child dealt with for delinquency *Page 167 
under this chapter nor any admission or confession of such child or of such parent, or parents, to the probation officer, or court; nor any report of a probation officer, made or given in pursuance of any rule or order of such courts; nor any statement by any parent, or parents, of such child, in such proceeding, shall be given or heard in any civil, criminal, or other cause or proceeding whatever, or in any other court, be lawful or proper evidence against such child or parent, or parents, for any purpose; but such matters may be received and heard in subsequent proceedings in such cause in said juvenile court.
 "§ 378 . . . No adjudication nor judgment under the provisions of this chapter shall operate to disqualify any child for any office in any state, county, or municipality, or from employment in any civil service under any branch of the government. No child shall be denominated nor held to be a criminal by reason of any such adjudication, nor shall such adjudication be held to be or denominated a conviction."
We must hold that the rulings of the court as stated were in conflict with the statutory law quoted. Directly on the point is the following:
 "Title 13, secs. 377, and 378, provide that no disposition of the case of a child dealt with for delinquency under the provisions of the juvenile court laws shall be given or heard in any other cause or proceeding whatever; that no child shall be denominated or held to be a criminal by reason of any adjudication of delinquency; and that an adjudication of delinquency shall not be held or denominated a conviction. By reason of these provisions, the fact that a witness had been committed by a juvenile court to a reform school for burglary, is not admissible to impeach him. Love v. State, 36 Ala. App. 693, 63 So.2d 285." McElroy, Law of Evidence in Alabama, § 145.01 (4)
The proposition stated has been upheld, though not determined to be applicable to the facts in the particular cases, inHammac v. State, 44 Ala. App. 459, 212 So.2d 849 and Crenshaw v.Alabama Freight, Inc., 287 Ala. 372, 252 So.2d 33. In Hammac, it was said, "If the witness' sentence was from an adjudication as a delinquent child . . . it would not be proper evidence against him . . ."; in Crenshaw, it was stated:
 "If it were shown that the conviction of plaintiff was under Chapter 7 of Title 13, Code of 1940, then it would appear that plaintiff's objection should have been sustained; but, it does not appear that plaintiff's conviction or the adjudication against him was under Chapter 7. The record does not disclose the court or the state in which the proceedings referred to were had. §§ 377 and 378 forbid use of evidence of adjudications which were had `under the provisions of this chapter.'"
In the case before us now there can be no doubt that the adjudications to which repeated references were made were in a juvenile court in Alabama in proceedings under Chapter 7 of Title 13, Code of 1940.
For the errors discussed, the judgment appealed from should be reversed and the case remanded for another trial.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur. *Page 168