John Edward Thomas, the appellant, was indicted for theft of property in the first degree. He was sentenced as an habitual offender to life imprisonment. Two issues are raised on appeal.
 I
It is argued that Thomas' motion to exclude the State's evidence should have been granted because there was no proof that Thomas exerted any unauthorized control over the stolen truck, and that consequently the State failed to prove an element of the offense of theft defined in Alabama Code Section13A-8-3 (1975).
There was a significant amount of circumstantial evidence connecting Thomas to the theft. Briefly, that evidence is that Thomas was observed by the owner of the truck walking away from the recently stolen truck, which was parked in an alley, and Thomas' brother, Steve, was seen looking out from under the hood. When Thomas saw the owner he began whistling and looking back towards the truck. When Steve saw the owner, he "broke" and ran. Thomas was arrested at the scene. He was dirty and greasy and had an unusual amount of grease on his hands. Steve was also dirty and greasy.
The truck had been "hot-wired" and the breather had been taken off the carburetor. These facts justify the trial judge in submitting the case to the jury and further justify the jury's verdict of guilty. Cumbo v. State, 368 So.2d 871
(Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979).
 II
After Thomas' brother, Steve, took the witness stand as a defense witness and denied any intent to steal the truck, the trial judge allowed the prosecutor, over the objection of defense counsel, to ask him whether he had pled guilty to "this charge". Because Steve pled guilty as a youthful offender, Thomas contends that this was error.
Before Steve testified, the trial judge cautioned the prosecutor about "asking this young fellow about his plea of guilty under the youthful offender act." After the brother testified and denied any criminal wrongdoing, the trial judge changed his ruling and stated that the plea was admissible on the issue of "complicity and design and scheme."
In his oral instructions to the jury, the trial judge charged:
 "(Y)ou have heard some testimony about one witness having pled guilty. Ladies and gentlemen, that has nothing to do *Page 994 
about — absolutely nothing to do with the guilt or innocence of the defendant in this case, it is in because the law says — it is in solely for the purpose to enable you if you desire, you might determine intent, you might determine design or you might determine a scheme or plan on the part of the two together if you are satisfied that they were two together and if you are not satisfied or convinced they were together and convinced beyond a reasonable doubt that they were intending to do anything or steal the car, only on the basis of scheme, plan or design, it has nothing to do other than that, nothing to do with the guilt of the defendant except that it is for your consideration."
The general rule is that a witness's prior record of a juvenile court judgment cannot be used to impeach his credibility. C. Gamble, McElroy's Alabama Evidence, Section 145.01 (4) (3rd ed. 1977). Annot. 63 A.L.R.3d 1112 (1975). Nor may an adjudication as a youthful offender be used to impeach a witness's credibility. See Word v. State, 424 So.2d 1374
(Ala.Cr.App. 1982); Daniels v. State, 375 So.2d 523
(Ala.Cr.App. 1979); McElroy, Section 145.01 (4) (Supp. 1980).
Although the Youthful Offender Act is separate and distinct from those statutes dealing with juveniles, both contain clear statements that an adjudication under their respective provisions is not to be considered a conviction. Alabama Code Section 15-19-7 (a) (1975) (determination of one as a youthful offender "shall not be deemed a conviction of crime"); Section 12-15-72 (a) (adjudication as a juvenile "shall not be considered to be a conviction").
The purpose of the Youthful Offender Act is to protect "those who fall within its ambit from the stigma and practical consequences of a conviction for a crime." Raines v. State,294 Ala. 360, 366, 317 So.2d 559 (1975). It is clear, however, that the Act is not intended to prevent the consideration of the adjudication for every conceivable purpose during the entire lifetime of the youthful offender. Under Section 15-19-7 (a), if a youthful offender "is subsequently convicted of crime, the prior adjudication as youthful offender shall be considered." (Emphasis added.)[1] Similarly, adjudication as a juvenile is admissible in "a disposition hearing in a juvenile court or in sentencing proceedings after conviction of a crime for the purposes of a presentence study and report." Alabama Code Section 12-15-72 (b) (1975).
In this case, Steve pled guilty as a youthful offender the day before he testified for Thomas. By pleading guilty, Steve admitted his participation in and guilt of the identical offense with which Thomas was charged. Ex parte Sankey,364 So.2d 362 (Ala. 1978), cert. denied, 440 U.S. 964,99 S.Ct. 1513, 59 L.Ed.2d 779 (1979). When testifying for Thomas, however, Steve testified in substance and effect that he had no criminal intent. By doing so, the witness opened the door for the admission of the youthful offender guilty plea. UnitedStates v. Canniff, 521 F.2d 565 (2d Cir. 1975), cert. denied sub nom. Benigno v. United States, 423 U.S. 1059, 96 S.Ct. 796,46 L.Ed.2d 650 (1976) (defendant opened door to youthful offender adjudication by testifying that he had never been convicted of a crime); see also Green v. State, 352 So.2d 1149
(Ala.Cr.App. 1977); 63 A.L.R.3d 1112 at Section 4 (b).
Moore v. State, 333 So.2d 165 (Ala.Cr.App. 1976), cited by Thomas to support his contention of error, is readily distinguished from the present case in that the prosecutor inMoore was allowed to impeach the accused's general credibility by use of his prior juvenile record which had no connection with the charged offense.
We firmly adhere to the general rule that a youthful offender adjudication cannot be used for impeachment purposes. We find, however, a significant distinction between using adjudication as a youthful offender to impeach credibility (which is not *Page 995 
permitted because an adjudication is not a conviction, Aldersonv. State, 370 So.2d 1119, 1122 (Ala.Cr.App. 1979)), and using a guilty plea as a youthful offender for an offense to contradict the witness's testimony that he did not commit that offense.
While the Youthful Offender Act is for the protection of the accused, the act cannot be perverted to allow an accused to enter a guilty plea to an offense and then, in a separate but related proceeding against a co-defendant, deny his participation in that same offense. Cf. United States ex rel.Rohrlich v. Fay, 240 F. Supp. 848 (S.D.N.Y. 1965) (where court noted that the New York Youthful Offender Act, which is very similar to the Alabama Youthful Offender Act, would not permit a witness who had been previously adjudged a youthful offender to be "vouched for to a jury as a saint when in fact he is a sinner"). Under the circumstances of this case, we think that the State's policy interest in protecting the confidentiality of a youthful offender's record must yield to the public's right to the integrity of the judicial system.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] A prior adjudication as a youthful offender, however, may not
be used to enhance punishment under the Habitual Offender Act.Thomas v. State, 435 So.2d 1324 (Ala. 1982).