ON REMAND FROM ALABAMA SUPREME COURT
This is an appeal from appellant's conviction of theft, first degree.
Appellant was indicted on first degree theft in January 1988, by the Jefferson County grand jury. He pleaded not guilty and trial began on July 25, 1988. Appellant was convicted in a jury trial of the *Page 1260 
offense charged and was thereafter sentenced under the Habitual Felony Offender Act to a term of life imprisonment.
Appellant claims that he signed an intent to plead, wherein, he says, the district attorney agreed to a sentence of 10 years in return for his guilty plea. Appellant states that because he was ill with tuberculosis he was unable to attend the preliminary examination set for October 30, 1987. Appellant argues as a result of this illness, the record shows that the defendant waived preliminary examination, the trial court waived his case to the grand jury. Appellant insists that this action by the trial court was erroneous and that he is entitled to receive the 10-year sentence bargained for rather than life imprisonment.
The district attorney stated at a pretrial conference that at the time of the offer it was the State's belief that appellant had only one prior felony conviction. The State subsequently discovered four more prior felony convictions. The trial court agreed with the prosecutor that, based on the discovery of the additional prior felony convictions, the original offer of 10 years was invalid and illegal under the Habitual Felony Offender Act. Despite appellant's insistence, the trial court refused to reinstate the 10-year offer, and trial commenced.
The trial court was correct in refusing to impose the sentence of 10 years. Such a sentence would have been in violation of the Habitual Felony Offender Act, § 13A-5-9, Codeof Alabama (1975). Under § 13A-5-9(c)(2), a person convicted of a Class B felony with four prior felony convictions must be punished for life in the penitentiary. First degree theft is a Class B felony. The provisions of the Habitual Felony Offender Act are mandatory and not discretionary. Watson v. State,392 So.2d 1274, 1276 (Ala.Cr.App. 1980), cert. denied, Ex parteWatson, 392 So.2d 1280 (Ala. 1981); Reynolds v. State,488 So.2d 4, 7 (Ala.Cr.App. 1985). Additionally, "the State's prosecutor has no discretion as to whether or not to produce evidence of prior convictions and must do so if he is aware of the accused's record." Reynolds v. State, 488 So.2d at 7. Appellant was not entitled to a sentence under the terms of the original agreement, in view of the four prior convictions. Therefore, the trial court's sentence of life imprisonment was correct.
Appellant's final argument is that he was not allowed to enter a guilty plea under the terms of his agreement with the prosecutor because of his illness. The record does not support this allegation. The record reflects that appellant voluntarily waived preliminary examination and his case was submitted to the grand jury. This court is bound by the record and not by allegations or arguments in brief reciting matters not disclosed by the record. Harris v. State, 420 So.2d 812, 816
(Ala.Cr.App. 1982). Appellant's claims of discrimination and violation of due process are without merit. The plea bargain that was "disallowed" was illegal. Therefore, he was not prejudiced by the court's refusal to let him plead under the terms of a void agreement.
AFFIRMED.
All Judges concur.