The appellant, Sabrina Yvonne McCain, was indicted for the murder of Tyrone F. Whetstone. She was convicted of the lesser included offense of manslaughter, a violation of § 13A-6-3, Code of Alabama 1975, and was sentenced to 10 years in prison. The appellant raises the following issues.
 I
The appellant initially contends that the state did not present sufficient evidence to submit the charge of murder to the jury. Here, the appellant was found guilty of the lesser included offense of manslaughter. By finding her guilty of manslaughter, the jury acquitted her of the greater charge of murder. The charge upon which the conviction rests is the only charge that is subject to appellate review. J.D.S. v. State,587 So.2d 1249 (Ala.Cr.App. 1991); Holder v. State,584 So.2d 872 (Ala.Cr.App. 1991). If the appellant could successfully challenge an indictment every time a jury convicted on the lesser included offense, a jury charge on the lesser included offense would be self-defeating. That the jury may under certain circumstances find an accused guilty of a lesser included offense serves not only the goals of judicial economy and efficiency, it also facilitates an accurate and fair verdict.
There was sufficient evidence to find the appellant guilty of manslaughter. The state's evidence tended to show that in the early morning hours of December 9, 1990, Tyrone F. Whetstone was shot in the chest outside the Amvets Club in Talladega, Alabama. The victim, still breathing, was taken to Citizens Hospital, where he eventually died. The cause of death was the gunshot wound that pierced the left side of his heart and his left lung. An autopsy indicated that the victim's blood alcohol level was .156.
The appellant and the victim had been living together on and off for about one and one-half years before the shooting. They had a history of sporadic fighting, following which they would often separate. At the time of the incident they were living together in the appellant's apartment in Sylacauga.
The appellant, the victim, and the appellant's friend, Beatrice Glenn, went to the Amvets Club in the appellant's car. The appellant was driving. They arrived sometime *Page 1125 
after 10 p.m. Once in the club, the victim and the appellant separated; each danced with other people and each drank alcoholic beverages.
The appellant danced with Steve Harris, whom she had previously dated on several occasions. After the appellant finished dancing with Harris, the appellant and the victim argued and went outside the club. They went back into the club to get Ms. Glenn. A fight broke out on the dance floor between Steve Harris and the victim.
The appellant and Ms. Glenn ran to the car and attempted to leave the premises without the victim. The appellant drove the car onto a tree stump, and then could not get the car off of the stump. After unsuccessfully attempting to move the car, the appellant produced a revolver. Ms. Glenn got out of the car and was heading back toward the club when she heard a gun shot. She saw the victim walking towards the car. Moments later, another shot was fired. The appellant then yelled to Ms. Glenn, "I've shot Tyrone." Ms. Glenn summoned the club security guards. Police and medical assistance were called for. The revolver used by the appellant was found on the front seat of her vehicle.
The appellant, testifying in her own behalf, admitted to firing the fatal shot. She asserted that the victim had attempted to hit her with his hand several times, striking her twice. She claimed she shot him in self-defense. He was unarmed.
According to § 13A-6-3, Code of Alabama 1975, a person commits the crime of manslaughter if she recklessly causes the death of another person. "A person acts recklessly with respect to a result or to a circumstance . . . when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists." §13A-2-2, Code of Alabama 1975.
When this court reviews a case on the issue of sufficiency of the evidence presented at trial, we must view the evidence presented at trial in the light most favorable to the state.Holder v. State, 584 So.2d 872 (Ala.Cr.App. 1991); Barnes v.State, 565 So.2d 1274 (Ala.Cr.App. 1990). We find that there was sufficient evidence from which the jury could find beyond a reasonable doubt that Sabrina Yvonne McCain recklessly caused the death of Tyrone Whetstone. The case was correctly submitted to the jury for its determination.
 II
After the jury had been selected, seated, and given preliminary instructions, but before being sworn, another inquiry was brought to the attention of the trial court. The appellant contends that the trial court erred by not asking questions in regard to determining whether a particular juror may have been a member of the same masonic lodge as the deceased.
During the state's voir dire, the juror in question answered affirmatively the question of whether he knew the victim. The prosecutor further asked:
 "The fact that you know either the victim in this case or the defendant in this case, can you put that knowledge aside and render a fair and impartial verdict based strictly upon the evidence that comes to you from the witness stand and the Judge's charges as to the law, or do you feel that it would make you feel uncomfortable to have to sit on the case?"
The prospective juror replied, "No, sir, I'm not partial. I feel like I could make a fair judgment on it." The juror was again asked if knowing the victim bothered him and whether he could render a verdict based on the law and evidence. He again replied "yes." Two other jurors who answered that they knew the victim stated they would feel uncomfortable.
Later, during the appellant's voir dire, the appellant's counsel mentioned the juror by name when he asked the venire about whether they knew the victim. However, defense counsel did not inquire further into the juror's relationship with the victim. The appellant was put on notice of the juror's acquaintance. If he elected to develop matters along this line of questioning, he could have done so, although at the risk of possibly offending the venireman. *Page 1126 
The juror answered the question truthfully. The answer indicated acquaintance. Membership in the same organization might be the least direct kind of acquaintance. The court did not err in refusing to further examine the juror after the time for further voir dire examination has passed and the jury had been selected, seated, and oriented although not sworn.
The judge could have sworn the jury immediately after it was oriented with the functions of a jury and the case at hand. However, the hour was late and the court elected to defer swearing in the jury until the next morning. The court has some discretion in permitting further questioning. This discretion was not abused by the judge's refusing to reopen the questioning after the jury was selected.
 III
The appellant next argues that reversible error occurred because of the failure of certain jurors to correctly answer questions asked during voir dire examination. The appellant alleges that two prospective jurors, when questioned by the state, failed to disclose that they had been arrested on criminal charges.
The appellant has attempted to bring to our attention facts outside the record. Nowhere in the record did the appellant object or bring this issue to the attention of the trial court. In fact, nowhere in the record is there even evidence of these allegations. She has in her brief offered a voir dire transcript from a subsequent and unrelated trial where the same two jurors said that they had been arrested. This transcript, however, is not part of this record; thus we cannot review it upon this direct appeal. "This court is bound by the record, and the record may not be impeached by matters outside of the record. . . ." Hollins v. State, 415 So.2d 1249, 1252
(Ala.Cr.App. 1982). See also Webb v. State, 565 So.2d 1259
(Ala.Cr.App. 1990).
This rule, necessary to orderly process, does not deny a remedy. Newly discovered evidence constitutes a ground for a petition for post-conviction relief under Rule 32, A.R.Crim.P. In such a case, the appellant may present evidence outside the record for consideration by the circuit court. See State v.Gilbert, 568 So.2d 876 (Ala.Cr.App. 1990) (new trial granted when evidence was uncovered that juror failed to answer voir dire question truthfully). Note, Postconviction Remedies inAlabama, 29 Ala.L.Rev. 617 (1978).
 IV
Last, the appellant contends that the trial court erred by refusing three of her written requested jury charges. The requested charges all dealt with self-defense issues. A review of the court's oral charge to the jury shows that the applicable law was adequately covered in the court's instructions. The trial court commits no error in refusing requested charges when the court's oral charge substantially covers the same principles of law. Goodson v. State,588 So.2d 509 (Ala.Cr.App. 1991). See also Ex parte Wright, 494 So.2d 745
(1986), cert. denied, 479 U.S. 1101, 107 S.Ct. 1331,94 L.Ed.2d 183 (1987).
For the foregoing reasons, the judgment in this case is due to be affirmed.
AFFIRMED.
All the Judges concur.