The appellant, Gregory Lavon Williams, was indicted for robbery in the first degree, a violation of § 13A-8-41, Code of Alabama 1975, but was convicted of the lesser included offense of theft of property in the first degree, a violation of §13A-8-3, Code of Alabama 1975. He was sentenced to 20 years in the state penitentiary.
The state's evidence tended to show that the appellant and an accomplice, Keyuntia McPherson, took a gold necklace and $4 in cash from Jason Hall. Thomas Lafitte was with Hall when the incident occurred. Jason Hall testified that he and Lafitte were walking on Bay Bridge Road in Prichard when the appellant and McPherson approached them. Hall identified the appellant in court and testified that McPherson held a gun to his face while the appellant took his money and his gold necklace. Thomas Lafitte also identified the appellant as one of the two people who took the money and gold necklace. Detective Robert St. John of the Prichard Police Department testified that the appellant made a voluntary statement in which he admitted to committing the theft. The signed confession was received into evidence.
 I
The appellant first contends that the trial court erred by allowing the state to impeach his credibility with prior juvenile adjudications.
The record indicates that the following occurred during the state's cross-examination of the appellant:
 "Q. [Prosecutor]. Now, a moment ago on direct examination you said, 'I ain't never been involved in nothing like that.' Is that what you said?
"A. [Appellant]. Yes, sir.
 "Q. As a matter of fact, in juvenile court you have been convicted of assault third degree, haven't you?
"A. Yes, sir.
 "Q. In juvenile court you have been convicted of carrying a gun without a permit, haven't you?
"A. Yes, sir.
 "Q. As a juvenile you have been convicted of shoplifting at a Harco drug store, haven't you?
"A. Yes, sir.
 "Q. And as a juvenile you have been convicted of burglary in the third degree, haven't you?
"A. Yes, sir."
This court stated the general rule on the use of juvenile adjudications to impeach witness's credibility in Thomas v.State, 445 So.2d 992, 994 (Ala.Cr.App. 1984). This court stated:
 "The general rule is that a witness's prior record of a juvenile court judgment cannot be used to impeach his credibility. C. Gamble, McElroy's Alabama Evidence, Section 145.01(4) (3rd ed. 1977). Annot., 63 A.L.R.3d 1112 (1975). Nor may an adjudication as a youthful offender be used to impeach a witness's credibility. See Word v. State, 424 So.2d 1374 (Ala.Cr.App. 1982); Daniels v. State, 375 So.2d 523 (Ala.Cr.App. 1979); McElroy, Section 145.01(4) (Supp. 1980)."
This view is further articulated in § 12-15-72, Code of Alabama 1975, which provides, in part:
 "(b) The disposition of a child and evidence given in a hearing in the court shall not be admissible as evidence against him in any case or proceeding in any other court whether before or after reaching majority, except in a disposition hearing in a juvenile court or in sentencing proceedings after conviction of a crime for the purposes of a presentence report."
Several exceptions have emerged from the general rule of exclusion of evidence of prior juvenile adjudications. Such an exception was recognized by the United States Supreme Court inDavis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347
(1974). The United States Supreme Court in Davis held that the Sixth Amendment right to confront witnesses may override a state's interest *Page 646 
in protecting the anonymity of juvenile offenders. See alsoEx parte McCorvey, 686 So.2d 425 (Ala. 1996).
An exception has also been recognized by the appellate courts of this state in Thomas when the court held that evidence of a youthful offender adjudication was admissible to contradict the accused's testimony that he did not commit the crime. As this court stated in Thomas:
 "The purpose of the Youthful Offender Act is to protect 'those who fall within its ambit from the stigmas and practical consequences of a conviction for a crime.' Raines v. State, 294 Ala. 360, 366, 317 So.2d 559 (1975). It is clear, however, that the Act is not intended to prevent the consideration of the adjudication for every youthful offender. Under Section 15-19-7(a), if a youthful offender 'is subsequently convicted of crime, the prior adjudication as youthful offender shall be considered.' (Emphasis added in Thomas.) Similarly, adjudication as a juvenile is admissible in a disposition hearing in a juvenile court or in sentencing proceedings after conviction of a crime for the purposes of a presentence study and report.' Alabama Code Section 12-15-72(b) (1975).
 "In this case, Steve pled guilty as a youthful offender the day before he testified for Thomas. By pleading guilty, Steve admitted his participation in and guilt of the identical offense with which Thomas was charged. Ex parte Sankey, 364 So.2d 362 (Ala. 1978), cert. denied, 440 U.S. 964, 99 S.Ct. 1513, 59 L.Ed.2d 779 (1979). When testifying for Thomas, however, Steve testified in substance and effect that he had no criminal intent. By doing so, the witness opened the door for the admission of the youthful offender guilty plea. United States v. Canniff, 521 F.2d 565
(2d Cir. 1975), cert. denied sub nom. Benigno v. United States, 423 U.S. 1059, 96 S.Ct. 796, 46 L.Ed.2d 650 (1976) (defendant opened door to youthful offender adjudication by testifying that he had never been convicted of a crime); see also Green v. State, 352 So.2d 1149
(Ala.Crim.App. 1977); 63 A.L.R.3d 1112 at Section 4(b).
 "Moore v. State, 333 So.2d 165
(Ala.Crim.App. 1976), cited by Thomas to support his contention of error, is readily distinguished from the present case in that the prosecutor in Moore
was allowed to impeach the accused's general credibility by use of his prior juvenile record which had no connection with the charged offense.
 "We firmly adhere to the general rule that a youthful offender adjudication cannot be used for impeachment purposes. We find, however, a significant distinction between using adjudication as a youthful offender to impeach credibility (which is not permitted because an adjudication is not a conviction, Alderson v. State, 370 So.2d 1119, 1122 (Ala.Cr.App. 1979)), and using a guilty plea as a youthful offender for an offense to contradict the witness's testimony that he did not commit the offense."
 "While the Youthful Offender Act is for the protection of the accused, the act cannot be perverted to allow an accused to enter a guilty plea to an offense and then, in a separate but related proceeding against a co-defendant, deny his participation in that same offense. Cf. United States ex rel. Rohrlich v. Fay, 240 F. Supp. 848
(S.D. N.Y. 1965) (where court noted that the New York Youthful Offender Act, which is very similar to the Alabama Youthful Offender Act, would not permit a witness who had been previously adjudged a youthful offender to be 'vouched for to a jury as a saint when in fact he is a sinner'). Under the circumstances of this case, we think that the State's policy interest in protecting the confidentiality of a youthful offender's record must yield to the public's right to the integrity of the judicial system."
Thomas, 445 So.2d at 994-95 (Footnote omitted.) See also Cooleyv. State, 686 So.2d 546 (Ala.Cr.App. 1996).
This court further stated in Channell v. State,477 So.2d 522, 527-28 (Ala.Cr.App. 1985): *Page 647 
 "Although the conviction was not generally admissible to impeach Channell's credibility because it was not a crime of moral turpitude, Luker v. State, 361 So.2d 1124 (Ala.Cr.App.), cert. dismissed, 361 So.2d 1127 (Ala. 1978), in this case Channell 'opened the door' for the admission of his prior conviction by denying that he had ever seen marijuana before. Compare Thomas v. State, 445 So.2d 992 (Ala.Cr.App. 1984) (Although a youthful offender adjudication may not be used to impeach credibility, when the witness opens the door by denying his criminal intent in a case, his prior youthful offender plea of guilty to the same offense is admissible). See generally Peterson v. State, 452 So.2d 1372, 1375 (Ala.Cr.App. 1984), and cases cited therein. ('Rebuttal evidence, even evidence of prior crimes, is generally admissible within the sound discretion of the trial court.')"
This evidence was correctly received at trial because the appellant "opened the door" for the admission of his prior juvenile adjudications by denying that he had ever been involved in anything similar to the offense for which he was charged. See Channell. No error occurred here.
 II
The appellant also contends that the evidence was insufficient to support his conviction for robbery in the first degree. However, because the appellant was convicted of theft of property in the first degree, he cannot on appeal question the sufficiency of evidence to support the charge of robbery in the first degree. As this court stated in McCain v. State,611 So.2d 1123, 1124 (Ala.Cr.App. 1992): "The charge upon which the conviction rests is the only charge that is subject to appellate review." This court can therefore consider only whether there was sufficient evidence to support the appellant's conviction for theft of property in the first degree.
 "In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all the evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution. Faircloth v. State, 471 So.2d 485 (Ala.Cr.App. 1984), aff'd, 471 So.2d 493 (Ala. 1985). Furthermore, a judgment of conviction will not be set aside on the ground of insufficiency of the evidence unless, allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the judgment is so decided as to clearly convince the reviewing court that it was wrong and unjust. Jackson v. State, 516 So.2d 726 (Ala.Cr.App. 1985)."
Powe v. State, 597 So.2d 721, 724 (Ala. 1992).
Both Jason Hall and Thomas Lafitte identified the appellant as one of the two people who took Hall's money and gold necklace. In addition, the court received into evidence a voluntary statement signed by the appellant in which he admitted to taking the money and gold necklace. There was more than sufficient evidence presented for the jury to conclude that the appellant was guilty of theft of property in the first degree. This court will not substitute its judgment for that of the jury. Gossett v. State, 451 So.2d 437 (Ala.Cr.App. 1984).
For the foregoing reasons, the judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.