The appellant, Samuel David Hendrix, was indicted in a multi-count indictment on two counts of first degree rape, in violation of § 13A-6-61, Code of Alabama 1975; two counts of first degree kidnapping, in violation of § 13A-6-43, Code of Alabama 1975; six counts of sexual abuse in the first degree, in violation of § 13A-6-66, Code of Alabama 1975; two counts of first degree sodomy, in violation of § 13A-6-63, Code of Alabama 1975; and one count of third degree assault, in violation of § 13A-6-22, Code of Alabama 1975. Two victims, A.C. and J.B., were named in the indictment. The appellant was found guilty of the second degree kidnapping of J.B. and A.C.; first degree sexual abuse of A.C. and J.B.; and first degree sodomy of A.C. For the crimes involving A.C., he was sentenced to 30 years in prison on the kidnapping conviction, 20 years in prison on the conviction for sexual abuse, and 20 years in prison on the sodomy conviction, that term to run concurrently with the term imposed on the sexual abuse conviction. For the crimes involving J.B., he was sentenced to 30 years in prison on the kidnapping conviction and 20 years in prison on the conviction for sexual abuse. The appellant was sentenced under the Habitual Felony Offender Act.
The appellant raises four issues[1] on appeal. The relevant facts will be discussed as necessary.
 I
The appellant first contends that the prosecutor withheld exculpatory evidence and that the prosecutor's actions in withholding such evidence constituted prosecutorial misconduct. He specifically argues that the prosecutor failed to supply him with the names of six other suspects in the incidents. There is no dispute that the appellant requested that he be given any exculpatory information.
Three elements must be proven in order to establish a violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194,10 L.Ed.2d 215 (1963). These elements include 1) the prosecution's suppression of evidence; 2) the favorable character of the suppressed evidence for the defense; and 3) the materiality of the suppressed evidence. Brady, 373 U.S. at 87,83 S.Ct. at 1196-97. Our review of the record, including the testimony presented at trial and at the hearing on the appellant's motion for new trial, leads us to conclude that the trial court could have determined that the State had not suppressed any exculpatory material.
The assistant district attorney who prosecuted this case testified at a hearing on the appellant's motion for new trial that during the week of April 2, 1990, she and all of the investigators involved in the case met with the appellant's attorney concerning the case. All the parties brought their *Page 771 
fiIes and all of the evidence in the case and "had a very open discussion about the case." (R. 999.) She further testified that at that meeting, the appellant's attorney was allowed to look through their file folders, review their reports, and review all of the evidence. She stated that portions of the officers' reports were copied for the appellant on March 26, 1990. Although he was not given the entire report, she believed that the portions of the report concerning the alleged other suspects were copied and provided to him at that time. She further stated that although she did not specifically recall which portions of the officers' reports were reproduced for the appellant's attorney, she was certain he had access to the complete reports and that he picked them up and looked at them at the meeting. She testified that he was given the opportunity to review the reports in their entirety.
The appellant's attorney testified that he was not made aware of any other possible suspects prior to trial. He testified that he was given the opportunity to talk to the investigators at the meeting and that the investigators were cooperative.
The appellant was tried in May 1990. A review of the trial record reveals testimony which supports the assistant district attorney's testimony that the alleged exculpatory material was in fact supplied to the appellant. Melissa Lackey, the investigator who handled A.C.'s case, testified that she had never at any time attempted to hide any of her reports from the appellant's attorney or from the court. Rachel Hopper, an investigator who was involved in J.B.'s case, testified that she, Investigator Pierce, Investigator Lackey, and the assistant district attorney met with the appellant's attorney sometime prior to the trial. At that time, the appellant's attorney reviewed the evidence, which included her reports and notes. She testified that they discussed the details of the case and that all of the files were open for him. She testified that she had a "free-flowing" conversation with him. (R. 886.) She further stated that the assistant district attorney never told her to withhold any information from the appellant's attorney.
Our view of the record leads us to conclude that the appellant failed to prove the first element of Brady. SeeUnited States v. Willis, 759 F.2d 1486 (11th Cir.), cert.denied, 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985); Poev. State, 510 So.2d 852 (Ala.Crim.App. 1987). We also note that even if the evidence had been suppressed, the appellant failed to show that the evidence was material to his case. "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." UnitedStates v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383,87 L.Ed.2d 481, 494 (1985). The record reveals that of the six persons that the appellant alleges were suspects, two were never suspects in the case. Investigation of the four other individuals revealed that they were not viable suspects for various reasons. Indeed, these other individuals were not "suspects in the sense that the investigation actually focused on them." Jarrell v. Balkom, 735 F.2d 1242, 1258 (11th Cir. 1984), cert. denied, 471 U.S. 1103, 105 S.Ct. 2331,85 L.Ed.2d 848 (1985). The appellant conducted a very thorough and sifting cross-examination of Investigator Lackey concerning these individuals. Furthermore, the evidence against the appellant was very strong, convincing, and abundant. Our review of the record leads us to conclude that even if the evidence of these other suspects was suppressed, there was no reasonable probability that the timely disclosure of this evidence would have affected the outcome of the trial. Because we hold that the appellant failed to prove that any evidence was suppressed, we also hold that there was no prosecutorial misconduct.
 II
The appellant next contends that his prior felony conviction could be used to enhance only one of his new convictions rather than all of his new convictions. He also argues that application of the Habitual *Page 772 
Felony Offender Act to all of his new convictions resulted in disproportionate sentences for these convictions. This argument has no merit. The provisions of the Habitual Felony Offender Act are mandatory, not discretionary. Thornton v. State,570 So.2d 762 (Ala.Crim.App. 1990); Reynolds v. State, 488 So.2d 4
(Ala.Crim.App. 1985); Watson v. State, 392 So.2d 1274
(Ala.Crim.App. 1980), cert. denied, 392 So.2d 1280 (Ala. 1981). This court has previously held that the Habitual Offender Act does not constitute cruel and unusual punishment. Thornton; Thompsonv. State, 462 So.2d 777 (Ala.Crim.App. 1984).
There is nothing in the language of the statute that supports the appellant's argument. The Habitual Felony Offender Act states, "In all cases when it is shown that a criminal defendant has been previously convicted of any felony and after such conviction has committed another felony, he must be punished as follows. . . ." Ala. Code, § 13A-5-9(a) (1975) (emphasis supplied). The statute then sets out the specific enhancement provisions. The language and the intent of the statute are clear. If the legislature had intended that a prior conviction could only be used to enhance one new conviction or could only be used to enhance one new conviction after a trial resulting in multiple convictions, the legislature could have easily so provided in the statute. See, generally, Watson. The purpose of the statute is to deter and to punish repeat offenders. Lidge v. State, 419 So.2d 610 (Ala.Crim.App.),cert. denied, 419 So.2d 616 (Ala. 1982); James v. State,405 So.2d 71 (Ala.Crim.App. 1981). The appellant was a repeat offender. He was a repeat offender as to all of his new convictions. We also note that if the cases had been tried separately, the prior offense would have enhanced any and all subsequent convictions.
We find that the appellant was correctly sentenced under the Habitual Felony Offender Act. Furthermore, his sentences fell within the statutory range of punishments. Shirah v. State,555 So.2d 807 (Ala.Crim.App. 1989); Walker v. State, 523 So.2d 528
(Ala.Crim.App. 1988).
 III
The appellant argues that he could not be sentenced for both the sodomy and sexual abuse of A.C. because the offenses were part of one continuous transaction. We disagree. "Where there is evidence of separate and distinct acts constituting separate criminal offenses, separate convictions and sentences may be legally had under multiple counts of an indictment."Terrell v. State, 429 So.2d 656, 659 (Ala.Crim.App. 1982). Seealso Beverly v. State, 497 So.2d 513 (Ala.Crim.App. 1985),rev'd on other grounds, 497 So.2d 519 (Ala. 1986); Clements v.State, 390 So.2d 1131 (Ala.Crim.App.), cert. denied,390 So.2d 1136 (Ala. 1980).
The State's evidence indicated that A.C. was made to perform at least two acts of oral sex on the appellant. This evidence was sufficient to prove sodomy. See § 13A-6-63 (1975). The State's evidence also revealed that the appellant licked A.C.'s buttocks, put his finger into her "private," and tried to put his penis into her vagina. (R. 26.) This evidence was sufficient to prove sexual abuse. See § 13A-6-66. Thus, the sodomy and the sexual abuse were separate and distinct crimes which arose as a result of different conduct. The appellant did not receive multiple punishments for the same offense.
 IV
The appellant finally contends that the trial court erred in failing to give the jury one of his written, requested instructions. The appellant failed to preserve this issue for review because he failed to state the grounds of objection with particularity. Lee v. State, 562 So.2d 657
(Ala.Crim.App. 1989); Bogan v. State, 529 So.2d 1029
(Ala.Crim.App. 1988).
For the reasons set forth above, this cause is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur.
[1] The appellant raised five issues in brief; however, issues numbered I and II in the appellant's brief address the same issue and will be addressed together as one issue in part I of this opinion. *Page 773