Danny Poole, the appellant, was convicted of sexual abuse in the first degree and sodomy in the first degree. He was sentenced to three years' imprisonment and ten years' imprisonment, respectively, with the sentences to be served concurrently. He raises three issues on this direct appeal from those convictions.
 I
The appellant contends that his motion for a new trial should have been granted because, he says, the evidence did not show separate and distinct crimes arising out of different conduct. The appellant is apparently relying on Ala. Code 1975, §13A-1-8(b)(1), which provides: "When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if . . . [o]ne offense is included in the other."
The 40-year-old appellant was the stepfather of the 11-year-old victim. The State presented evidence that the child was sexually abused by the appellant over a period of a number of months and that there were separate acts of sexual abuse and of sodomy. The victim testified that on a number of separate occasions the appellant removed her nightgown and underwear and made her sit on his lap while he was naked. On these occasions, the appellant would "wrestle with [the victim] and everything" and tickle the victim. R. 35. On repeated occasions, the appellant made the victim rub his leg and his penis. One time, the appellant made the victim "bite" his penis. R. 40. On one occasion, the appellant, while naked, "lay down on the floor and told [the victim] to lay on top of him." R. 44. On another occasion, when the victim was nine years old, the appellant told her to "come into his room . . . [a]nd . . . to take off [her] nightgown and get on top of him in bed." R. 46. On that occasion, the appellant made her "[lay] on top of his penis" and spanked her for her birthday. R. 47. On one occasion, the appellant "put his mouth between" the victim's legs and touched her with his tongue. R. 48-49.
" 'Where there is evidence of separate and distinct acts constituting separate criminal offenses, separate convictions and sentences may be legally had under multiple counts of an indictment.' " Hendrix v. State, 589 So.2d 769, 772
(Ala.Cr.App. 1991) ("The State's evidence indicated that A.C. was made to perform at least two acts of oral sex on the appellant. This evidence was sufficient to prove sodomy. See §13A-6-63 (1975). The State's evidence also revealed that the appellant licked A.C.'s buttocks, put his finger into her 'private,' and tried to put his penis into her vagina. (R. 26.) This evidence was sufficient to prove sexual abuse. See §13A-6-66. Thus, the sodomy and the sexual abuse were separate and distinct crimes which arose as a result of different conduct. The appellant did not receive multiple punishments for the same offense."). Here, the sexual abuse and the sodomy offenses arose from separate criminal acts of the appellant committed on separate occasions. The motion for a new trial was properly denied. *Page 543 
 II
The appellant maintains that the State's evidence is not sufficient to support his convictions.
A serious question exists as to whether this issue was even preserved for appellate review. At the close of the State's evidence, trial counsel stated, "Judge, . . . for the record, we need to move for judgment of acquittal before we put our case on." R. 640. No grounds whatsoever were stated for that motion; consequently, it preserved nothing for review. SeeEx parte Maxwell, 439 So.2d 715, 717 (Ala. 1983) ("To preserve the issue for appeal, it is necessary for [the] defendant to state his grounds upon moving to exclude evidence; it is not necessary to draw the trial court's attention to the particular defect. It is sufficient that the defendant state the ground that the prosecution has failed to make a prima facie case."). See also Ex parte Johnson, 620 So.2d 665 (Ala. 1993). There was no motion for judgment of acquittal at the close of all the evidence.
While it does not appear that this issue was properly preserved in the trial court, our review of the record convinces this Court that the State established a prima facie case of both sexual abuse in the first degree and sodomy in the first degree as charged in the indictment. That review also convinces this Court that the evidence is sufficient to support the verdict of the jury.
 " '[T]he fact that witnesses for the prosecution contradict or give evidence tending to impeach one another does not preclude a verdict being based on the testimony of such of them as may be believed.' 23 C.J.S. Criminal Law § 905(b) (1961). Where the testimony of two witnesses relates to the same occurrence, the statement of either can be looked at by the jury. Hurston v. State, 235 Ala. 213, 216, 178 So. 223 (1938). 'The jury may disregard the evidence of [a prosecution] witness without necessarily acquitting defendant. It is their province to convict him if the whole of the evidence, taken together, is sufficient even though the chief witness for the state may have willfully sworn falsely as to a material fact.' McCoy v. State, 232 Ala. 104, 107, 166 So. 769 (1936). '[A] jury may believe part of the evidence of a witness and reject part.' Cochran v. State, 42 Ala. App. 144, 147, 155 So.2d 530, cert. denied, 275 Ala. 693, 155 So.2d 533 (1963). 'In order to convict the defendant the jury was not required to accept as true every statement of the witnesses.' Freeman v. State, 37 Ala. App. 623, 630, 74 So.2d 513, cert. denied, 261 Ala. 697, 74 So.2d 520 (1954). 'Conflicting evidence should be reconciled by the jury, if possible, and if they can not reconcile it, they may base their verdict on that part of the testimony which they consider worthy of credit, and reject that which they deem to be unworthy of belief. Inconsistencies and contradictions in the testimony of a witness do not make it inherently improbable.' Arnold v. State, 33 Ala. App. 146, 147, 30 So.2d 587 (1947). 'It is not the law that mere contradicting statements or declarations of a witness are sufficient to raise a reasonable doubt in the minds of the jury as to the truth of the testimony of a witness.' Walters v. State, 24 Ala. App. 370, 373, 135 So. 600 (1931).
 " 'The inconsistencies may impair the credibility of the witness and reduce the weight of the testimony, but they do not destroy the probative force of the testimony as a matter of law — the weight to be given such testimony is for the trier of fact to determine.' 30 Am.Jur.2d Evidence § 1082 (1967)."
Jones v. State, 469 So.2d 713, 716-17 (Ala.Cr.App. 1985). "The weight and probative value to be given to the evidence, the credibility of the witnesses, the resolution of conflicting testimony, and the inferences to be drawn from the evidence, even where susceptible to more than one rational conclusion, are for the jury." Ward v. State, 356 So.2d 238, 240
(Ala.Cr.App.), cert. denied, 356 So.2d 242 (Ala. 1978). The credibility of the 11-year-old victim was an issue for the jury. "It is not the business of this court to second-guess juries." Smith v. State, 604 So.2d 434, 436 (Ala.Cr.App. 1992).
In connection with this issue, the appellant argues that the trial court erred in not requiring the State to elect which act of sodomy or incident of sexual abuse it was *Page 544 
relying on for a conviction. However, there was no motion to elect made at trial. Compare Sparrow v. State, 606 So.2d 219,220-21 (Ala.Cr.App. 1992). The issue clearly was not preserved by the appellant's motion for judgment of acquittal made at the close of the State's case, which, as noted above, stated no grounds. Further, the issue was not raised in the appellant's motion for a new trial. Consequently, we find that this issue was not preserved for our review.
 III
The appellant claims that the trial court "erred by failing to grant the Defendant's Motion for New Trial where the evidence showed that members of the jury took notes and carried the notes into the jury room and read them to other members of the jury." Appellant's brief at 32. "The decision whether to allow jurors to take notes and use them during deliberations is a matter within the discretion of the trial court, which discretion should not be abused." 23A C.J.S. Criminal Law § 1370 (1989) (footnote omitted). "Alabama takes the view that it is entirely proper for the jury to take and use notes of what transpires during the trial. Such note taking does not constitute misconduct for reversal on appeal and, in fact, is said to be desirable. . . ." C. Gamble, McElroy's AlabamaEvidence § 10.02 (4th ed. 1991) (footnote omitted). See Reecev. Simpson, 437 So.2d 68, 69 (Ala. 1983); Glover v. State,347 So.2d 592, 595 (Ala.Cr.App. 1977); Hooks v. State, 45 Ala. App. 221,223, 228 So.2d 833, 836 (1969).
The appellant received a fair trial. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.