TAYLOR, Presiding Judge.
The appellant, Kevin Dee Holley, was convicted of sodomy in the first degree, a violation of § 13A-6-63, Code of Alabama 1975, and of sexual abuse in the first degree, a violation of § 13A-6-66, Code of Alabama 1975. He was sentenced to 20 years in the penitentiary for the conviction for sodomy in the first degree pursuant to the Habitual Felony Offender Act and to 10 years for the conviction for sexual abuse in the first degree. The sentences were to be served concurrently.
The state’s evidence tended to show that the appellant had sodomized and had sexually abused his nine-year-old daughter J.H. J.H. lived in Texas with her mother, who was divorced from her father. In July 1991, she visited her father in Alabama. J.H. testified that she was spending the night with her father and had just gotten ready for bed. She testified that she was afraid to sleep by herself so she got in her father’s bed to watch television with him. J.H. said that she fell asleep watching television.
J.H. testified that she woke up because she felt “something between [her] legs.” She realized that her father was “licking [her] privates.” J.H. testified that she pretended to be asleep and that she rolled over and he stopped. He then started rubbing “on [her] stomach and [her] back and [her] private.” J.H. testified that she continued to pretend to be asleep. J.H. stated that later that night the appellant “made [her] touch his private” with her hand. She further stated that he “made [her] hand go up and down on his private” and that “white stuff’ came out of his “private.” J.H. then testified that the next morning the appellant told her that “if [she] told anybody that he would have to kill [her] mom and [her] sister and brother.”
Sergeant Asbury Giles of the Tuscaloosa Police Department testified that he questioned the appellant in August 1993 at the police station. Giles testified that he read the appellant his Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), rights and told him that he was free to leave at any time. The appellant agreed to make a statement. Giles stated that the appellant told him that he licked and rubbed J.H.’s vagina. After this interview, Giles contacted Lieutenant Loretta German of the Tuscaloosa Police Department’s juvenile division abuse unit.
German testified that she then obtained a statement from the appellant. She wrote it down, read it back to him, and he signed it. In the statement the appellant stated that he “licked her until she woke up” and that he “did rub [his] daughter’s vagina just a little.”
The appellant testified in his own behalf at trial. He admitted making the statements to the police but he said that the statements were not true. As to his statement to German, he testified that German told him that she would not let him go until he made a statement, so he made up a “big story.”
The appellant’s only contention on appeal is that he was incorrectly convicted of two offenses because sexual abuse in the first degree is a lesser included offense of sodomy in the first degree. In other words, he argues that he received multiple punishments for the same offense in violation of the Double Jeopardy Clause of the United States Constitution.
This court has held that sexual abuse in the first degree can be a lesser included offense of sodomy in the first degree. King v. State, 574 So.2d 921 (Ala.Cr.App.1990) (Bowen, J. concurring specially); Hutcherson v. State, 441 So.2d 1048 (Ala.Cr.App.1983). However, “[w]here there is evidence of separate and distinct acts constituting separate criminal offenses, separate convictions and sentences may be legally had under multiple counts of an indictment.” Hendrix v. State, 589 So.2d 769, 772 (Ala.Cr.App.1991), quoting *133 Terrell v. State, 429 So.2d 656, 659 (Ala.Cr. App.1982).
The state presented evidence that the appellant licked J.H.’s vagina. This was sufficient evidence to prove that the appellant committed sodomy in the first degree. The state also presented evidence that the appellant rubbed J.H.’s vagina with his finger and made J.H. touch his penis. Either of these acts were sufficient to show that the appellant committed sexual abuse in the first degree. Therefore, the jury could properly convict the appellant for both offenses because they were distinct criminal acts. Poole v. State, 650 So.2d 541, 542 (Ala.Cr.App.1994).
For the foregoing reasons, the judgment in this ease is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.