52 So.3d 547 (2007)
Thomas Chester RAY, Jr.
v.
STATE of Alabama.
CR-05-0912.
Court of Criminal Appeals of Alabama.
April 27, 2007.
Rehearing Denied June 29, 2007.
*548 William R. Willard, Gadsden, for appellant.
Troy King, atty. gen., and John J. Davis, asst. atty. gen., for appellee.

On Application for Rehearing
PER CURIAM.
This Court's opinion of January 12, 2007, is hereby withdrawn and the following is substituted therefor.
The appellant, Thomas Chester Ray, Jr., was convicted of sexual abuse in the first degree, a violation of § 13A-6-66(a)(1), Ala.Code 1975. He was sentenced to 10 years in the state penitentiary.
The State's evidence tended to show the following: The victim, M.M.,[1] who is mentally retarded, testified that she lived with her mother and Ray when she was around 9 or 10 years of age. She said that on two occasions Ray made her put lotion on his "privates" and rub him. M.M. also testified that he told her not to tell anyone or he would beat her. She said that Ray was physically abusive and beat her with shoes, switches, and belts.
The testimony also showed that M.M. and her sister were removed from their mother in 2003 and that a guardian was appointed for the children at that time. M.M. told her guardian that Ray made her put lotion on his penis. The guardian testified that she immediately reported M.M.'s statement to the Department of *549 Human Resources. Ray was ultimately charged with sexual abuse in the first degree.
Ray testified in his own defense and was questioned about a statement he gave to Detective Teri Davis of the Gadsden Police Department. In the statement Ray told police that he had never touched the victim in a sexual way. The circuit court then allowed the prosecutor to question Det. Davis about a prior juvenile adjudication that was also brought out during Ray's statement to Det. Davis.

I.
Ray first argues that the circuit court erred in allowing the State to impeach him with evidence about a prior juvenile adjudication from the State of Ohio. Specifically, he argues that the admission of the juvenile adjudication to impeach him violated Rule 609(d), Ala.R.Evid., and statutory law.
Rule 609(d), Ala.R.Evid., provides: "[E]vidence of a juvenile or youthful offender adjudications is not admissible under this rule." Section 12-15-72(b), Ala. Code 1975, provides in part: "The disposition of a child and evidence given in a hearing in the court shall not be admissible as evidence against him in any case or proceeding in any other court whether before or after reaching majority. . . ."
The State argues that Ray opened the door to the introduction of evidence of the prior juvenile adjudication when he discussed the prior juvenile adjudication in his statement to Det. Davis. The State further asserts that the prior juvenile adjudication was properly admitted to show motive.
During Ray's direct examination, the following occurred:
"[Defense counsel]: At any time did you make a statement to law enforcement?
"[Ray]: Yes, I did.
"[Defense counsel]: And do you remember, in essence
"[Prosecutor]: Excuse me, Your Honor, could we approach the bench?
"The Court: Sure.
"(Whereupon, the following proceedings were had before the Court at the bench, to-wit:)
"[Prosecutor]: Judge, I just wanted to point out that at this point she's asking him about the statement. During the course of the statement there were conversations
"The Court: Have you got the statement?
"[Prosecutor]: Yes, sir, I have the written statement and I have the notes from the oral statement, as well, both of which she has. There's his written statement
"[Defense counsel]: Yes, sir. "[Prosecutor]: which does not refer to it, but the other page does.
"The Court: I got it down. Go ahead. Step back.
"(Whereupon, the following proceedings were had before the Court and the jury, to-wit:)
"[Defense counsel]: Did you have occasion to make a written statement to Gadsden law enforcement?
"[Ray]: Yes, I did.
"[Defense counsel]: And in essence, what did that say?
"[Ray]: It basically said I have never touched the girl in a sexual way the whole time I've known her."
(R. 243-45.)
The circuit court then allowed the prosecutor to question Ray about other portions of this statement. Specifically, in this statement Ray told Det. Davis that there had been a previous incident with his 8-year-old *550 niece when he was in Cleveland, Ohio; that he was only 16 years old at the time of the incident; that the incident involved "sexual contact"; and that he had completed a sex-offender-treatment program as a result of that offense. Although only that portion of Ray's statement in which he denied any sexual contact with the victim in the present case was reduced to writing, during the colloquy outside the presence of the jury the circuit court ascertained from Det. Davis that Ray had admitted the juvenile adjudication during the same conversation.
Alabama has long held that when one party introduces a portion of a conversation, the opposing party has the right to introduce the remainder of that conversation to the extent that it relates to the subject matter of the part of the conversation already introduced. See Flournoy v. State, 34 Ala.App. 23, 27, 37 So.2d 218, 221 (1948) ("When a part of a conversation or transaction is put in evidence, the opposite party may rightfully call for the whole of it, although the evidence was in the first place illegal. Gibson v. State, 91 Ala. 64, 9 So. 171 [(1891)]." (emphasis added)). This doctrine is often referred to as the doctrine of completeness.
Rule 106, Ala.R.Evid., now addresses this doctrine and provides, in part:
"When a party introduces part of either a writing or recorded statement, an adverse party may require the introduction at that time of any other part of the writing or statement that ought in fairness to be considered contemporaneously with it."
However, Rule 106, Ala.R.Evid., does not apply to oral statements.
In Stockard v. State, 391 So.2d 1060 (Ala.1980), the Alabama Supreme Court relied on the doctrine of completeness to hold that the circuit court correctly allowed the introduction of an entire conversation held outside of the defendant's presence after the defendant first introduced a portion of that conversation into evidence. In reversing this Court's decision in Stockard v. State, 391 So.2d 1060 (Ala.1979), the Supreme Court stated:
"We conclude that this holding by the Court of Criminal Appeals is in conflict with this Court's opinion in Logan v. State, 291 Ala. 497, 282 So.2d 898 (1973), wherein it was stated:
"`. . . [W]hen part of a conversation or transaction is put in evidence, the opposite party may rightfully call for the whole of it, although the evidence was in the first place illegal. Gibson v. State, 91 Ala. 64, 9 So. 171 [ (1891) ]. Further, it has been held that when the defendant, on cross-examination of a witness elicits part of a conversation, the State may in rebuttal show the entire conversation. Davis v. [State], 131 Ala. 10, 31 So. 569 [(1902) ]; Flournoy v. State, 34 Ala. App. 23, 37 So.2d 218 [ (1948) ].'
"It appears to us that the Court of Criminal Appeals, in applying the rule that one party can show the entire conversation when the opposing party has introduced a portion of it, made a distinction between admissible and inadmissible hearsay. We do not think that Logan authorizes such a distinction.
The rule of admissibility has been explained in McElroy's Alabama Evidence as follows:
"`It is generally said, although sometimes loosely, that if one party proves any part of an oral conversation or oral statement, the other party has the right to prove all that was said on the same occasion (citing Logan v. State). More correctly stated, the general rule is that only so much of the remainder of the statement or *551 conversation is admissible as relates to the subject-matter of the part brought out by the opponent.'
"C. Gamble, McElroy's Alabama Evidence § 316.01 (1977). Thus, relevancy to the subject matter brought out is the standard by which a party might call for the remainder of a conversation partially proved by his opponent."
391 So.2d at 1064. This rule of admissibility has frequently been applied in Alabama cases. See, e.g., Ex parte Tucker, 474 So.2d 134, 135 (Ala.1985) ("[W]hen one party brings out part of a transaction or conversation, the other party may inquire further into the matter or bring out the whole subject for further examination."); Logan v. State, 291 Ala. 497, 502, 282 So.2d 898, 903 (1973) ("[W]hen the defendant, on cross-examination of a witness elicits part of a conversation, the State may in rebuttal show the entire conversation."); Lewis v. State, 549 So.2d 620, 622 (Ala.Crim.App. 1989) ("[W]hen a portion of a witness's statement is received into evidence, the opposing party has the right to have the entire statement admitted into evidence."); and Charles W. Gamble, McElroy's Alabama Evidence § 316.01 (5th ed. 1996) ("If one party proves any part of an oral conversation or oral statement, the other party has the right to prove the relevant remainder."), and the cases cited therein. See also Calhoun v. State, 932 So.2d 923, 959 (Ala.Crim.App.2005); McClellan v. State, 452 So.2d 909 (Ala.Crim.App.1984).
Moreover, many other jurisdictions follow the holding in Stockard. See Walters v. State, 206 S.W.3d 780, 785 (Tex.App. 2006) ("Rule 107 [Tex.R.Evid., the rule of completeness] is one of admissibility and permits the introduction of otherwise inadmissible evidence when that evidence is necessary to fully and fairly explain a matter 'opened up' by the adverse party."); Barone v. State, 841 So.2d 653, 655 n. 2 (Fla.Dist.Ct.App.2003) ("The `opening the door' concept permits the admission of otherwise inadmissible evidence to `qualify, explain, or limit' previously admitted evidence."); Nickell v. Russell, 260 Neb. 1, 11, 614 N.W.2d 349, 357 (2000) (hearsay evidence admissible to "explain and place into accurate context those portions of . . . testimony offered by [the defendant]."); State v. Eugenio, 219 Wis.2d 391, 579 N.W.2d 642 (1998) (rule of completeness allows admission of inadmissible hearsay); State v. Warren, 143 N.H. 633, 732 A.2d 1017 (1999) (inadmissible evidence may be admissible under theory of completeness); United States v. Sutton, 801 F.2d 1346, 1368 (D.C.Cir.1986) ("Rule 106 [Tex. R.Evid., the rule of completeness] can adequately fulfill its function only by permitting the admission of some otherwise inadmissible evidence when the court finds in fairness that the proffered evidence should be considered contemporaneously."). But see Simmons Oil Corp. v. Wells Fargo Bank, N.A., 289 Mont. 119, 960 P.2d 291 (1998) ("Evidence rule on completeness does not authorize admission of otherwise inadmissible hearsay.").
According to the Alabama Supreme Court, the only limitation to the admissibility of evidence under the rule of completeness is that the evidence be relevant to the "subject-matter of the part brought out by the opponent." Stockard, 391 So.2d at 1064.
Here, by specifically testifying during direct examination about that portion of his statement in which he denied committing the offense, Ray opened the door to the introduction of the remaining portion of the statement in which he freely admitted that he had previously been charged with a prior juvenile offense involving sexual contact. Moreover, the remaining evidence the prosecutor introduced regarding Ray's juvenile adjudication *552 was merely cumulative to Ray's statement and was thus harmless. See Dawson v. State, 675 So.2d 897, 900 (Ala. Crim.App.1995) ("The erroneous admission of evidence that is merely cumulative is harmless error."). For the foregoing reasons, we hold that the circuit court committed no error in allowing Det. Davis to testify about Ray's prior juvenile adjudication.

II.
Ray next argues that the circuit court erred in denying his motion for a judgment of acquittal because, he argues, the evidence failed to meet the statutory definition of sexual abuse in the first degree. Specifically, he argues that he could not be convicted of this offense because he did not touch the victimthe victim touched him.
The State first asserts that Ray did not preserve this issue for appellate review because, it argues, Ray did not raise this specific argument in his motion for a judgment of acquittal. However, Ray did argue in his motion that "the State has not presented a prima facie case of sexual abuse in the first degree." The Alabama Supreme Court has held that a similar objection was sufficient to preserve for review an issue concerning the sufficiency of the evidence. See Ex parte Maxwell, 439 So.2d 715 (Ala.1983).
Sexual abuse in the first degree is defined in § 13A-6-66, Ala.Code 1975, as follows:
"(a) A person commits the crime of sexual abuse in the first degree if:
"(1) He subjects another person to sexual contact by forcible compulsion. . . ."
Sexual contact is defined in § 13A-6-60(3), Ala.Code 1975, as "[a]ny touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party."
As stated above, Ray argues that an individual can be convicted of sexual abuse in the first degree only if "the intimate or private parts of the victim" are subjected to sexual contact. He asserts that because the victim touched him there was no commission of the crime of sexual abuse in the first degree as defined in § 13A-6-66, Ala.Code 1975.
Section 13A-6-66(a), Ala.Code 1975, states that a person is guilty of sexual abuse in the first degree if: "[h]e subjects another person to sexual contact by forcible compulsion." "Although penal statutes are to be strictly construed, courts are not required to abandon common sense." Musgrove v. State, 519 So.2d 565, 582 (Ala.Crim.App.1986). We have not construed this statute as narrowly as Ray urges us to do. As we stated in Holley v. State, 671 So.2d 131, 133 (Ala.Crim.App. 1995): "The state also presented evidence that the appellant rubbed J.H.'s vagina with his finger and made J.H. touch his penis. Either of these acts were sufficient to show that the appellant committed sexual abuse in the first degree." See also Gunter v. State, 665 So.2d 1008, 1013 (Ala. Crim.App.1995) ("Under the definition of `sexual contact,' `any touching of the sexual or other intimate parts' should be construed literally to mean any touching, whether directly or using an inanimate object.").
M.M. testified that Ray made her put lotion on his "private parts" on two occasions. "[T]he victim's testimony alone is sufficient to establish a prima facie case of either rape or sexual abuse." Jones v. State, 719 So.2d 249, 255 (Ala.Crim.App. 1996). It was Ray's actions alone that caused M.M. to touch his "private parts." Therefore, the circuit court committed no *553 error in denying Ray's motion for a judgment of acquittal. See Holley.
For the foregoing reasons, we affirm Ray's conviction for sexual abuse in the first degree.
APPLICATION FOR REHEARING GRANTED; OPINION OF JANUARY 12, 2007, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
McMILLAN, SHAW, WISE, and WELCH, JJ., concur.
BASCHAB, P.J., dissents, with opinion.
BASCHAB, Presiding Judge, dissenting.
Alabama has long held that, as a general rule, juvenile convictions may not be used to impeach a defendant or witness. See Ex parte McCorvey, 686 So.2d 425 (Ala. 1996); Bone v. State, 706 So.2d 1291 (Ala. Crim.App.1997); Moore v. State, 333 So.2d 165 (Ala.Crim.App.1976); Love v. State, 36 Ala.App. 693, 63 So.2d 285 (1953). With regard to impeachment by evidence of conviction of a crime, Rule 609(d), Ala. R. Evid., provides that "[e]vidence of juvenile or youthful offender adjudications is not admissible under this rule." Also, with regard to juvenile court proceedings, § 12-15-72, Ala.Code 1975, provides:
"(a) An order of disposition or other adjudication in proceedings under subsection (a) of Section 12-15-30 shall not be considered to be a conviction or impose any civil disabilities ordinarily resulting from a conviction of a crime or operate to disqualify the child in any civil service application or appointment.
"(b) The disposition of a child and evidence given in a hearing in the court shall not be admissible as evidence against him in any case or proceeding in any other court whether before or after reaching majority, except in a disposition hearing in a juvenile court or in sentencing proceedings after conviction of a crime for the purposes of a presentence study and report."
However, there are some limited exceptions to this rule. In Ex parte Lynn, 477 So.2d 1385 (Ala.1985), the Alabama Supreme Court held that the trial court should have allowed the State to use a juvenile record to impeach an accomplice who had assisted the defendant in the commission of a capital offense. In Thomas v. State, 445 So.2d 992 (Ala.Crim.App. 1984), this court recognized that there was a distinction between using a witness' youthful offender adjudication to impeach his credibility and using a guilty plea as a youthful offender to contradict the witness' testimony that he did not commit that offense. Finally, in Smith v. State, 795 So.2d 788, 818 (Ala.Crim.App.2000), we noted that, "[r]ecognizing the competing interests of protecting the anonymity of juvenile offenders versus the right of an accused to confront the witnesses against him, Alabama has limited the Supreme Court's holding in Davis [v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974)], by holding that, although juvenile records may properly be used to show a witness's bias, the use of juvenile records for purposes of general impeachment is disallowed."
On occasion, this court has also held that a defendant can open the door to questioning about his juvenile record. In Williams v. State, 695 So.2d 644, 647 (Ala.Crim.App. 1996), we held that "the appellant `opened the door' for the admission of his prior juvenile adjudications by denying[, on direct examination,] that he had ever been involved in anything similar to the offense for which he was charged." In Cooley v. State, 686 So.2d 546, 551 (Ala.Crim.App. 1996), we held that, where the appellant raised an entrapment defense, the admission of evidence concerning a youthful offender adjudication "to show the predisposition *554 of the appellant was not error [where it] went towards establishing the appellant's state of mind, i.e., his predisposition to sell drugs, and towards rebutting his testimony that he had never sold drugs before."
The majority concludes that,
"by specifically testifying during direct examination about that portion of his statement in which he denied committing the offense, [the appellant] opened the door to the introduction of the remaining portion of the statement in which he freely admitted that he had previously been charged with a prior juvenile offense involving sexual contact."
52 So.3d at 551. With regard to written or recorded statements, Rule 106, Ala. R. Evid., provides:
"When a party introduces part of either a writing or recorded statement, an adverse party may require the introduction at that time of any other part of the writing or statement that ought in fairness to be considered contemporaneously with it."
(Emphasis added.) With regard to unrecorded conversations, the common law completeness doctrine provided that, "if one party proves any part of an unrecorded oral conversation or oral statement, the other party has the right to prove the relevant remainder of it." Rule 106, Ala. R. Evid., advisory committee's notes (emphasis added). Neither Rule 106, Ala. R. Evid., nor the common law completeness doctrine allows carte blanche admissibility of the remaining portions of statements. Rather, Rule 106, Ala. R. Evid., incorporates a fairness limitation, and the common law incorporates a "relevant remainder" limitation. Further, § 12-15-72(b), Ala. Code 1975, provides:
"The disposition of a child and evidence given in a hearing in the court shall not be admissible as evidence against him in any case or proceeding in any other court whether before or after reaching majority, except in a disposition hearing in a juvenile court or in sentencing proceedings after conviction of a crime for the purposes of a presentence study and report."
Finally, "`[i]t has been the recognized doctrine in this State that a legislative enactment takes precedence over a rule of the Court.' [Ex parte Foshee], 246 Ala. [604] 606, 21 So.2d 827, 828 [ (1945) ]." Ex parte Stewart, 730 So.2d 1246, 1250 (Ala.1999). Because the Legislature specifically limited the admissibility of evidence about juvenile adjudications in § 12-15-72(b), Ala. Code 1975, and in light of the limitations that are incorporated into Rule 106, Ala. R. Evid., and the common law completeness doctrine, § 12-15-72, Ala.Code 1975, trumps or overrides any evidentiary principles of completeness. Therefore, the majority's reliance on the doctrine of completeness is misplaced. The trial court erroneously allowed the State to impeach the appellant's credibility with evidence about a prior juvenile adjudication from the State of Ohio.[2] Accordingly, I respectfully dissent.
NOTES
[1] To protect the anonymity of the child victim we are using her initials. See Rule 52, Ala. R.App.P.
[2] Relying on its belief that the appellant stated that he would not do something like sexually abusing the victim, the trial court apparently found that he opened the door to examination about his prior juvenile adjudication. However, the record shows that the prosecutor actually stated, "Just wouldn't do something like that, would you?" and that the appellant simply responded, "No. No." (R. 298.) Thus, the trial court was mistaken in its belief that the appellant specifically stated that he would not do something like sexually abusing the victim. The trial court stated that it would not have allowed the evidence about the appellant's prior juvenile adjudication if he had simply said, "No." Although a defendant may certainly open the door to questioning about juvenile adjudications, it is not appropriate for a prosecutor, through precise phrasing of a question, to attempt to force a defendant to open the door to such questioning. In this case, because the appellant simply responded in the negative to the prosecutor's question, his response did not open the door to questioning about his prior juvenile adjudication. Cf. Williams, supra.